## Tom McGuire *v.* The State.

1. EVIDENCE.— In a trial for assault with intent to murder, the defense proposed to introduce the county attorney for the purpose of proving that an indictment had been found against the prosecuting witness for assault to murder the defendant, and also proposed to introduce the indictment for the same purpose; to which the State objected, and the objections were sustained. *Held,* that the court did not err in this ruling.

2. JURY LAW — CASE STATED.— The defense complained that the sheriff was present in the jury room during the deliberations of the jury, and when a juror proposed to return to the court and report disagreement, he advised against such proceeding and said that the court would not yet discharge the jury. The trial court explains the bill of exceptions to the effect that the sheriff heard nothing said in the jury room except the proposition to report a disagreement, and only said that the court would not discharge the jury after so short a deliberation. *Held,* that no prejudice to appellant is apparent; but note the suggestions of this court concerning the presence of sheriffs during the deliberation of juries.

APPEAL from the District Court of Walker. Tried below before the Hon. W. D. WOOD.

The indictment charged an assault with intent to murder A. B. McGuire. The verdict found defendant not guilty of assault to murder, but guilty of a simple assault, and assessed his punishment at a fine of $25.

*Wynne & Brown,* for the appellant.

*Horace Chilton,* Assistant Attorney General, for the State.

WINKLER, J. It is not deemed important in this opinion to consider specially more than two questions presented in the appellant's bill of exceptions, treating the first and second grounds of complaint as being really but two different phases of the same subject. 1st. The de-

fendant offered to prove by the district attorney that there was pending against the person upon whom the assault is alleged, and who was a witness for the prosecution, an indictment for assault with intent to murder the appellant. 2d. He offered an indictment against the State's witness, charging him with such offense as mentioned above. It being claimed that both the indictment in the present case and that against the witness originated in and grew out of the same difficulty. The court refused the testimony, and the defendant excepted.

The matters set up in the fifth and sixth paragraphs of the bill of exceptions relate to another phase of the case, and, considered together, show this state of facts: that the sheriff, not being one of the jury, was present during the deliberation of the jury while considering the case, and, when there was a proposition made by one of the jury to return into court and report that they could not agree, the sheriff said to the jury, "Gentlemen, you need not go up now, because the judge will not discharge you." The judge in signing the bill of exceptions appends the following: "As to exceptions 5 and 6, it appeared that while the sheriff was in the room where the jury were deliberating, he did not hear what was said, except a remark made by one juror, and the proposition made by one juror, to report to the court that they could not agree; which was not agreed to by the jury, and in response to which the sheriff made the statement to the jury that they had been out so short a time (fifteen or twenty minutes) that the judge would send them back, — when they again proceeded," etc.

With reference to the first subject, we are of opinion the court did not err in refusing to permit the district attorney to testify that there was an indictment pending against the State's witness, or in refusing to allow the introduction of the indictment. The testimony offered did not tend to support any hypothesis which could have in-

fluenced the question of the defendant's guilt. If it was offered for the purpose of showing that the witness was biased or prejudiced against the defendant, that fact is not shown by the bill of exceptions, and hence we are not called on to decide whether it would have been admissible for that purpose or not. As the question is here presented we fail to perceive its relevancy. Relevancy is defined to be that which conduces to the proof of a pertinent hypothesis,— a pertinent hypothesis being one which, if sustained, would logically influence the issue. Hence it is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less probable. Whatever is a condition, either of the existence or of the non-existence of a relevant hypothesis, may be shown. But no circumstance is relevant which does not make more or less probable the proposition at issue. 1 Wharton's Law of Evidence, §§ 20, 21. The proposition at issue being the guilt of the defendant, the testimony offered had no tendency to make more or less probable the proposition at issue, and was therefore irrelevant and inadmissible.

With reference to the matter of the presence of the sheriff in the jury room and his suggestion to the effect that the court would not discharge them on so short a consideration of the case, we do not desire to say more than that, from the statements of the judge, it is not perceived that anything was said or done by the sheriff to the defendant's prejudice, such as would warrant a setting aside of the verdict. We are constrained, however, to say that there is no authority given to a sheriff or other officer to be present and in condition to put in a word, a look or a nod susceptible of being understood as a hint to the jury one way or the other. The attention of trial courts and sheriffs is invited to art. 690, Code Crim. Proc., on this subject.

We have not overlooked other matters complained of

in the record and discussed in the brief of appellant's counsel. The trial seems to have been fair and impartial. There is nothing in the charge of the court by which the jury could have been misled to the defendant's injury under the evidence. Finding no such error as would warrant a reversal of the judgment, it is affirmed.

*Affirmed.*

HURT, J., does not concur in what is said as to the testimony offered and rejected.